# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**STARR INDEMNITY & LIABILITY INSURANCE COMPANY**           **PLAINTIFF**

V.                                                          CAUSE NO. 3:23-cv-215-CWR-LGI

**RIVER & ROADS DIRECTIONAL DRILLING, LLC;**
**ETHAN PARKER; and MATTHEW TYLER FELDMAN**                 **DEFENDANTS**

## COMPLAINT FOR DECLARATORY JUDGMENT

Starr Indemnity & Liability Insurance Company, by and through their undersigned attorneys, and for its Complaint for Declaratory Judgment against the above-named Defendants, states as follows:

### NATURE OF THIS ACTION

1. Starr Indemnity & Liability Insurance Company ("Starr") brings this Complaint for Declaratory Judgment against River & Roads Directional Drilling, LLC ("RRDD"), Matthew Tyler Feldman ("Feldman") and Ethan Parker ("Parker"), seeking a judicial adjudication of the respective rights, duties and obligations of Starr under its excess insurance policy issued to RRDD as they pertain to a lawsuit captioned *Matthew Tyler Feldman v. Ethan Parker,* Civil Action No. 21-cv-125-NWCM, pending in the Circuit Court of Newton County, Mississippi ("Underlying Action"), which arises from a single vehicle car accident involving two employees of RRDD, which resulted in serious injuries to the passenger Feldman. A copy of the Underlying Complaint is annexed hereto as Exhibit A.

2. On or about June 18, 2021, Feldman and Parker were both employees of River & Road Directional Drilling ("RRDD") in Mississippi but were working out of state for RRDD on a pipeline construction project in Indiana.  RRDD provided Parker with a Company truck specifically for Parker and Feldman's transportation to, from, and during their work on the Indiana project.  RRDD also paid Feldman and Parker under a contract plus a per diem stipend while working on the out of state project.

3. On the night of the incident, Parker and Feldman were returning to their Indiana lodging from dinner at a local restaurant in the Company truck.  Parker was driving and Feldman was a passenger in the vehicle when Parker lost control of the truck as he entered a curve in bad weather. The vehicle left the roadway and collided violently with the guardrail. According to the Underlying Complaint, the guardrail struck the front of the vehicle, penetrated the engine compartment and the cab, and impaled Feldman. The force of the impact catapulted Feldman through the back seat of the double cab truck and pinned him against the rear window of the vehicle. Feldman suffered severe injuries.

4. Liberty Mutual Fire Insurance Company ("Liberty") issued a Business Auto Policy Number AS2-641-445242-011 in effect for the period May 10, 2021, to May 10, 2022, under which RRDD is a Named Insured (the "Liberty Auto Policy" or "followed policy").  The Liberty Auto policy is subject to a $1million each accident limit of liability. Starr issued Excess Liability Insurance Policy number 1000095383211 in effect for the period May 10, 2021, to May 10, 2022, under which RRDD is also a

Named Insured (the "Starr Policy"). The Starr Policy follows form to various primary policies issued by Liberty, including the Auto Policy.

5. At the time of the incident, RRDD provided Feldman with workers compensation coverage under the Workers Compensation Insurance part of its Workers Compensation and Employer's Liability Insurance Policy number WC2-641-445242-031, issued by Liberty. Pursuant to a determination that Feldman had a disability date of June 19, 2021, Liberty began making temporary total workers compensation payments to Feldman in the amount of $523.16 per week. On July 28, 2021, RRDD as Employer and Liberty as the workers compensation carrier filed an "Employers Notice of Controversion" with the Mississippi Workers Compensation Commission, denying that Feldman sustained a compensable injury "while in the course and scope of employment". On August 3, 2021, Liberty filed a "Notice of Suspension of Payment" pursuant to which Liberty suspended its weekly payments of temporary total compensation to Feldman. The "Employer's Notice of Controversion" dated July 28, 2021, and "Notice of Suspension of Payment" are annexed hereto collectively as Exhibit B.

6. The Underlying Action was commenced on or about September 2021, after Feldman's Workers Compensation claim was denied by Liberty.

7. Liberty is defending the Underlying Action under its Business Auto Policy under which RRDD is a Named Insured and the truck at issue is a scheduled "covered auto."

8. Starr seeks a judgment declaring that it has no duty under the Starr Policy to indemnify Parker or RRDD with respect to the Underling Action because: (1) Parker and Feldman

3

were "traveling employees" at the time of the incident, and/or fall within the transportation and per diem exceptions to the Mississippi workers compensation "going and coming" rule, thereby making Feldman eligible to receive workers compensation benefits for the injuries and disability he sustained as a result of the incident in question; (2) No coverage exists under the Starr Policy based on Exclusion 3. "Workers Compensation" of the follow form Liberty policy; (3) Exclusion 4. "Employee Indemnification and Employer's Liability" of the follow form Liberty Policy also applies to bar coverage under the Starr Policy; and (4) Exclusion 5. "Fellow Employee" of the follow form Liberty policy also applies to bar coverage; thus (5) no coverage exists for the Underlying Action under the Starr Policy and the followed policy, and Starr has no duty to indemnify Parker or RRDD for any settlement, judgment, loss, cost, or and expense arising out of the Underlying Action.

## THE PARTIES

9. Plaintiff Starr is an insurance company organized and existing under the laws of the State of Texas with its principal place of business in the State of New York.

10. Defendant RRDD is a limited liability company organized under the laws of the State of Mississippi with its principal place of business in the State of Mississippi. The members of RRDD are resident adult citizens of the State of Mississippi. Said members are a) David M. Murray of Taylorsville, Mississippi; b) Joyce M. Murray of Taylorsville, Mississippi; and (c) Joyce R. Murray of Laurel, Mississippi. To the extent applicable for purposes of diversity of citizenship, the following adults who reside in the State of Mississippi have been listed and/or named as members: a) Joe K. Pittman

of Moselle, Mississippi; and b) Patricia Thompson of Philadelphia, Mississippi. RRDD can be served with process by service upon its registered agent for process, David M. Murray, 2038 HWY 28 W, Taylorsville, MS 39168.

11. Defendant Parker is an adult resident citizen of Newton County, Mississippi. He can be served with process at his residence, 4164 Lawrence Hazel Rd., Lawrence, MS 39336.

12. Defendant Feldman is an adult resident citizen of Newton County, Mississippi. He can be served with process at his residence, 2052 Church St., Chunky, MS 39323-9707.

## JURISDICTION AND VENUE

13. This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 USC §§ 1332, 2201, and 2202. Complete diversity of citizenship exists between the parties and the amount in controversy exceed $75,000 exclusive of interest and costs.

14. Upon information and belief, Defendants dispute Plaintiff's coverage position. Therefore, there are ripe and justiciable controversies between the parties requiring declaratory relief by this Court under.

15. Venue is proper in this Court pursuant to 28 USC § 1391(a) and (c) because multiple defendants reside or have a principal place of business in this District, and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District. Specifically, the Starr and Liberty policies were issued to the insured in Taylorsville, Mississippi, which is within this District.

## THE POLICIES

16. RRDD and Liberty deny that Feldman's injuries arose out of the course and scope of his employment. Liberty denied that Feldman is entitled to receive workers compensation benefits under the Workers Compensation Insurance part of its Workers Compensation and Employer's Liability Insurance Policy number WC2-641-445242-031 (the "workers comp policy" a copy of which is annexed hereto as Exhibit C).

17. Instead, Liberty is defending and providing indemnity coverage to Parker in the Underlying Action under Liberty Business Auto Policy Number AS2-641-445242-011 in effect for the period May 10, 2021, to May 10, 2022, under which RRDD is a Named Insured (the "Liberty Auto Policy" or "followed policy").  The Liberty Auto policy is subject to a $1million each accident limit of liability. A copy of the Liberty Business Auto Policy is annexed hereto as Exhibit D.

18. Starr issued Excess Liability Insurance Policy number 1000095383211 in effect for the period May 10, 2021, to May 10, 2022, under which RRDD is also a Named Insured (the "Starr Policy").  The Starr Policy follows form to various primary policies issued by Liberty, including the Liberty Auto Policy and the Employer's Liability coverage part of the Liberty Workers Compensation and Employer's Liability policy. A copy of the Starr Policy is annexed hereto as Exhibit E.

19. Section 1. "Coverage" of the Starr policy provides, in pertinent part, as follows:

    SECTION I. COVERAGE

    A. We will pay on behalf of the insured, the "Ultimate Net Loss" in excess of the "Underlying Insurance" as shown in ITEM 5. of the declarations, that the insured becomes legally obligated to pay for loss or damage to which this

insurance applies and that takes place in the coverage territory. Except through the terms, definitions, conditions and exclusions of this policy, the coverage provided by this policy shall follow the terms, conditions and exclusions of the applicable first underlying insurance policies shown in ITEM 5.A. of the Declarations.

B. Regardless of any other warranties, terms, conditions, exclusions or limitations of this policy, if any applicable "Underlying Insurance" policy(ies) does not cover "Ultimate Net Loss" for reasons other than exhaustion of its limit of liability by payment of claims or suits, then this policy will not cover such "Ultimate Net Loss".

20. The Starr Policy defines "Ultimate Net Loss" as follows:

A. "Ultimate Net Loss"
Ultimate Net Loss" means the total sum, after reduction for all recoveries, including other valid and collectible insurance, excepting only the "Underlying Insurance" scheduled in Item 5. of the Declarations, actually paid or payable due to a claim or suit for which you or an insured are liable either by a settlement to which we agreed or a final judgment.

The term "Ultimate Net Loss" shall also include defense costs when such defense costs are included within the limits of insurance of any applicable "underlying insurance."

21. The followed Liberty Auto Policy contains the following definitions:

\*\*\*
c. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these.
\*\*\*
f. "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".
\*\*\*

22. The followed Liberty Auto Policy, and thus, the Starr Policy, contain the following exclusions:

SECTION II – COVERED AUTOS LIABILITY COVERAGE
\*\*\*
B. Exclusions

>This insurance does not apply to any of the following:
>
>\*\*\*
>
>3. Workers Compensation
>   Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers compensation, disability benefits or unemployment compensation law or any similar law.
>
>4. Employee Indemnification and Employer's Liability
>   "Bodily injury" to:
>   a. an "employee" of the "insured" arising out of and in the course of:
>      (1) employment by the "insured"; or
>      (2) performing the duties related to the conduct of the "insured's" business;…
>
>5. Fellow Employee
>   "Bodily injury" to:
>   a. Any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to conduct of your business;…

23. Likewise, the Liberty Employer's Liability Coverage Part, to which the Starr Policy also follows form, contains the following exclusion:

    >C. Exclusions
    >This insurance does not cover:
    >\*\*\*
    >4. Any obligation imposed by a workers compensation, occupational disease, unemployment compensation, or disability benefits law, or any similar law.

24. The Starr Policy provides that "This Policy is governed by the laws of the state where it was delivered." The policy was delivered to the First Named Insured, Magnolia Energy Services, LLC, in Taylorsville, Mississippi, thus Mississippi law applies.

**RESERVATION OF RIGHTS**

25. The Starr Policy and the followed policy(ies) contain other terms, conditions, limitations, and exclusions which may limit or preclude coverage. Starr reserves the

right to assert such provisions and raise additional coverage defenses as the facts warrant.

## COUNT I

## DECLARATORY JUDGMENT THAT EXCLUSION 3. "WORKERS COMPENSATION" OF THE FOLLOWED POLICY BARS INDEMNITY COVERAGE FOR THE UNDERLYING ACTION

### (All Defendants)

26. Plaintiff incorporates and restates the allegations of Paragraphs 1 through 25 above as if fully set forth herein.

27. Under Mississippi law, workers compensation coverage is subject to the "going and coming rule," under which "hazards encountered by employees while going to or returning from their regular place of work and off the employer's premises are not incident to employment and accidents arising therefrom are not compensable."

28. However, Mississippi law recognizes an exception for a "traveling employee," which is defined to mean "an employee whose work takes him away from the employer's premises," or "one who goes on a trip to further the business interests of his or her employer such as a traveling salesman or a person attending a business conference for the benefit of his employer," or "an employee for whom travel is an integral part of their job."

29. Feldman and Parker both qualify as "traveling employees" because the accident occurred while they were living in Indiana temporarily to fulfill their RRDD contracts to work on the remote pipeline construction project. As such, Feldman's injuries arose in the course and scope of his employment, or otherwise qualify as a compensable

injury under the Mississippi Workers Compensation Act, as a "traveling employee." Thus, Exclusion 3. "Workers Compensation" applies to bar coverage under the Starr Policy.

30. Additionally, under Mississippi law the following exceptions to the "going and coming rule" also exist: (1) *where the employer furnishes the means of transportation, or remunerates the employee;* or (2) where the employee performs some duty in connection with his employment at home; or (3) where the employee is injured by some hazard or danger which is inherent in the conditions along the route necessarily used by the employee; or (4) where the employer furnishes a hazardous route; or (5) where the injury results from a hazardous parking lot furnished by the employer; or (6) where the place of injury, although owned by one other than the employer, is in such close proximity to the premises owned by the employer as to be, in effect, a part of such premises.

31. RRDD provided Parker with the truck involved in the accident specifically as transportation for Parker and Feldman to get to and from the Indiana pipeline construction project, and the truck involved in the accident is a "covered auto" under the followed policy.

32. RRDD paid a per diem stipend to both Parker and Feldman while they were working on the Indiana pipeline construction project.

33. Consequently, Feldman's injuries also fall within the transportation and per diem exception to the "going and comping rule," such that his injuries arose in the course

and scope of Feldman's work for workers compensation purposes, making that his exclusive remedy under Mississippi law.

34. For these reasons, Exclusion 3. "Workers Compensation" of the Starr Policy applies to bar coverage for the Underlying Action.

35. Accordingly, Starr respectfully requests a declaration that coverage for the Underlying Action is barred by Exclusion 3. "Workers Compensation" of the followed policy.

## COUNT II

### DECLARATORY JUDGMENT THAT ENDORSEMENT 4. "EMPLOYEE INDEMNIFICATION AND EMPLOYER'S LIABILITY" BARS INDEMNITY COVERAGE FOR THE UNDERLYING ACTION

### (All Defendants)

36. Plaintiff incorporates and restates the allegations of Paragraphs 1 through 35 above as if fully set forth herein.

37. Exclusion 4. "Employee Indemnification and Employer's Liability" of the followed Liberty Auto Policy provides that this insurance does not apply to:

> 4. Employee Indemnification and Employer's Liability
> "Bodily injury" to:
> a. an "employee" of the "insured" arising out of and in the course of:
> (1) employment by the "insured"; or
> (2) performing the duties related to the conduct of the "insured's" business;…

38. Both Parker and Feldman were employees of RRDD at the time of the accident.

39. Based on the "traveling employee" and/or "transportation and per diem" exceptions to the "going and coming rule" set forth above, Feldman's injuries arose out of and in the course of his employment by Named Insured RRDD.

40. Accordingly, Exclusion 4. "Employee Indemnification and Employer's Liability" of the followed Liberty auto policy applies to bar coverage for the Underlying Action in its entirely.

41. Starr respectfully requests a declaration that coverage for the Underlying Action is barred by Exclusion 5. "Fellow Employee" of the followed policy.

## COUNT III
## DECLARATORY JUDGMENT THAT EXCLUSION 5. "FELLOW EMPLOYEE" BARS INDEMNITY COVERAGE FOR THE UNDERLYING ACTION
### (All Defendants)

42. Plaintiff incorporates and restates the allegations of Paragraphs 1 through 41 above as if fully set forth herein.

43. Exclusion 5. "Fellow Employee" of the followed Liberty Auto Policy provides, in pertinent part, that this insurance does not apply to:

    5. Fellow Employee
       "Bodily injury" to:
       Any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to conduct of your business;…

44. Parker and Feldman were fellow RRDD employees who were in Indiana together to work on the remote pipeline construction project.

45. Feldman and Parker were using the RRDD-provided truck together at the time of the accident, which occurred while they were on an extended business trip in Indiana.

46. As "traveling employees" and/or based on the transportation and per diem exceptions to the "going and coming rule," Feldman's injuries arose out of the conduct of his fellow

employee (Parker, who is an insured under the Liberty Auto Policy) and in the course and scope of both Feldman's and Parker's employment.

47. Exclusion 5. "Fellow Employee" of the followed policy therefore applies to bar coverage for the Underlying Action.

48. Accordingly, Starr respectfully requests a declaration that coverage for the Underlying Action is barred by Exclusion 5. "Fellow Employee" of the followed policy.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Starr Indemnity & Liability Company respectfully requests that this Court enter judgment in its favor as follows:

A. Declaring that the Starr Policy does not provide coverage for the Underlying Action;

Declaring that Plaintiff has no obligation to indemnify Defendant Parker or RRDD with respect to the claims asserted against him by Defendant Feldman; and

B. Granting Plaintiff all other relief which this Court deems just and proper, including costs of this suit.

## JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues so triable.

Respectfully submitted,

STARR INDEMNITY & LIABILITY COMPANY

BY: */s/ Edward J. Currie, Jr.*
EDWARD J. CURRIE, JR. (MSB #5546)

OF COUNSEL:

CURRIE JOHNSON & MYERS, P.A.
1044 River Oaks Drive (Flowood, MS 39232)
P. O. Box 750
Jackson, MS  39205-0750
Telephone: (601) 969-1010
Telecopier: (601) 969-5120
Electronic Mail: ecurrie@curriejohnson.com

## **CERTIFICATE OF SERVICE**

    I, the undersigned, do hereby certify that I have this day electronically filed the foregoing document with the Clerk of the Court using the MEC system for provision of notification and a copy of the referenced document to all counsel of record in this cause.

    THIS, the 28th day of March 2023.

                                                    /s/  Edward J. Currie, Jr.
                                                   EDWARD J. CURRIE, JR.