**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**STARR INDEMNITY & LIABILITY INSURANCE COMPANY**

    *Plaintiff/Counter-Defendant.*

vs.                                                           **CAUSE NO. 3:23-cv-215-CWR-LGI**

**RIVER & ROADS DIRECTIONAL DRILLING, LLC; and**
**MATTHEW FELDMAN,**

    *Defendants,*

    -and-

**ETHAN PARKER**

    *Defendant/Counter-Plaintiff.*

    -and-

**ETHAN PARKER,**

    *Third-Party Plaintiff,*

    -vs-

**LIBERTY MUTUAL FIRE INSURANCE COMPANY**

    *Third-Party Defendant.*

### RESPONSE TO MOTION TO COMPEL TO PAY EXPERT BILL

Plaintiff/Counter Defendant Starr Indemnity & Liability Insurance Company files this Response in Opposition to Defendant/Counter Plaintiff/Third-Party Plaintiff Ethan Parker's ("Parker") Motion to Compel Starr Indemnity & Liability Insurance Company to Pay Expert Invoice and would show unto the Court as follows:

1. The current motion should be denied for two reasons. First, the current motion is unnecessary because Fey Consulting LLC ("Fey") has been paid. Second, Parker failed to provide a Good Faith Certificate, as required by Local Rule, and failed to comply with the Amended Case Management Order. Even if the Motion is not denied on these grounds, there is no reasonable basis to award costs on this Motion.

**Motion Should Be Denied As Moot, Since Fey Has Been Paid.**

2. At all times, Starr confirmed that it would pay the reasonable costs and expenses of Fey Consulting, LLC. In fact, counsel for Starr informed Parker's counsel multiple times of that intent to pay as evidenced by Exhibit 1 to Parker's Motion. To facilitate payment, however, Starr lacked Fey Consulting's W-9 along with a vendor agreement to receive ACH payment.

3. Both documents have now been furnished and payment was issued on July 25, 2024. A confirmation of payment is attached to this response as Exhibit 1. There are no outstanding payments for Fey Consulting. As such, the court should deny the motion as moot.

**Motion Should be Denied Because Parker Failed to Attach Good Faith Certificate and Failed to Comply with Amended Case Management Order.**

4. Not only should the Court deny Parker's Motion as moot, but Parker's Motion also fails as he failed to attach a Good Faith Certificate and failed to comply with the Amended Case Management Order before filing the current Motion.

5. Federal Rule of Civil Procedure 37(a)(1) requires parties to "include a certification that the movant has in good faith conferred or attempted to confer with the person or party" prior to filing a motion. Parker's failure to include a Good Faith Certificate is fatal. "This prerequisite is not an empty formality." *Ross v. Citifinancial, Inc.*, 203 F.R.D. 239, 240 (S.D. Miss. 2001); *Woods v. Southerncare, Inc.*, No. 3:09-CV-313-CWR-LRA, 2014 WL 11515604, at *1 (S.D. Miss. Sept. 22, 2014). "Under the Federal Rules of Civil Procedure and Local Uniform Civil Rules, the

failure to attach a Good Faith Certificate will result in denial of the applicable discovery motion without prejudice. *See* Fed. R. Civ. P. 37(a); L.U. Civ. R. 37(c)." *Pace v. State Farm Fire and Casualty Company*, Civil No. 2:23cv19-HSO-BWR, 2024 WL 1655599, *4 (S.D. Miss. Jan. 11, 2024). Parker likely omitted filing of a Good Faith Certificate because Parker knew that he had not disclosed that he intended to file this motion.

6. Not only did Parker fail to comply with the filing of the Good Faith Certificate, but he also failed to comply with the Amended Case Management Ordered entered in the case. The Amended Case Management Order filed on July 19, 2023, explicitly states the following:

> If the attorney conference does not resolve the dispute, counsel must contact the chambers of the magistrate judge to request a telephonic conference to discuss the issue as contemplated by Fed. R. Civ. P. 16(b)(3)(B)(v). Only if the telephonic conference with the judge is unsuccessful in resolving the issue may a party file a discovery motion.

7. To the best of Starr's knowledge, Parker never attempted to contact the Magistrate Judge, nor did he attempt to schedule a call to discuss Starr's alleged "refusal" to pay the expert's invoice, which Parker's own exhibits show is not the case.

8. Failure to comply with Rule 37(a)(1) is grounds alone to procedurally deny Parker's Motion. "But the court must not order this payment if: (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action…" Fed. R. Civ. P. 37(a)(5)(A).

9. Had Parker followed proper protocol, the current motion could have been avoided entirely, which, of course, is the purpose of both the Good Faith Certificate and the provision in the Amended Case Management Order.

10. Parker's motion fails and should be denied for deficiencies noted above.

**Parker Is Not Entitled To Attorney's Fees.**

11. Once Starr's undersigned counsel received confirmation of payment, Starr's counsel notified Parker's counsel and requested confirmation. *See* Exhibit 2. Starr's counsel also asked whether the Motion would be withdrawn. Parker's counsel refused to withdraw the motion, and seeks his fees and costs, despite not complying with the rules.

12. In the event that Parker's motion is not denied for the reasons stated above or withdrawn because Starr has paid Fey in full, Starr submits that it should not be liable for attorney's fees. Parker requests attorney's fees for filing the motion to compel under Rule 37 [288, ¶11]; however, Parker is not entitled to attorney's fees.

13. First, Starr never refused to pay Parker's expert's fees, needed additional information to do so, and has now done so.

14. Second, Parker failed to comply with requirements to confer in good faith and to call the Magistrate Judge before filing a discovery motion. Either of which would have resulted in the prompt payment of Fey, which has now occurred.

15. Lastly, Plaintiff is not entitled to attorney's fees for filing the motion to compel payment of expert invoices as it is not a discovery motion contemplated by Rule 37. Rule 37(a)(3) – Specific Motions – enumerates the instances related to discovery when a motion to compel can be filed for which attorney fees can be awarded:

> (A) To Compel Disclosure. If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.
>
> (B) To Compel a Discovery Response. A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:
>
>> (i) a deponent fails to answer a question asked under Rule 30 or 31;

> (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4);
>
> (iii) a party fails to answer an interrogatory submitted under Rule 33; or
>
> (iv) a party fails to produce documents or fails to respond that inspection will be permitted -- or fails to permit inspection -- as requested under Rule 34.
>
> (C) Related to a Deposition. When taking an oral deposition, the party asking a question may complete or adjourn the examination before moving for an order.

16. Rule 37 does not list the delay in payment of expert invoices pursuant to Rule 26 26(b)(4)(e) after a deposition has concluded without any issues.

17. While Starr acknowledges this Court's inherent power to govern discovery disputes and award reasonable costs where appropriate, Rule 37 expressly provides that "the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; . . . (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). An award of costs in this instance would not be justified due to Parker's failure to comply with Rule 37 and the Amended Case Management Order, either of which would have avoided the filing of this motion.

18. For all of these reasons, the Court should deny Parker's request for attorney's fees and deny the Motion to Compel.

19. Due to the straightforward nature of this motion, Starr, like Parker, respectfully seeks to be excused from the requirement that a separate memorandum of authorities be submitted with this response. Such a memorandum would be duplicative and unnecessary.

WHEREFORE, PREMISES CONSIDERED, Plaintiff/Counter Defendant Starr Indemnity & Liability Insurance Company respectfully requests this Honorable Court deny

Defendant/Counter Plaintiff/Third-Party Plaintiff Ethan Parker's ("Parker") Motion to Compel Starr Indemnity & Liability Insurance Company to Pay Expert Invoice.

Respectfully submitted, this the 29th day of July 2024.

                  **STARR INDEMNITY & LIABILITY COMPANY**

                BY: */s/ Walter H. Boone*
                    Of Counsel

OF COUNSEL:

Walter H. Boone (MSB #8651)
Jennifer J. Skipper (MSB #100808)
BALCH & BINGHAM LLP
188 East Capitol Street, Suite 1400
Jackson, Mississippi 39201-2133
Telephone: (601) 961-9900
Facsimile: (601) 961-4466
E-Mail: wboone@balch.com
    jskipper@balch.com


Edward J. Currie, Jr. (MSB #5546)
Joseph W. Gill (MSB #102606)
CURRIE JOHNSON & MYERS, P.A.
1044 River Oaks Drive
Flowood, MS 39232
Telephone: (601) 969-1010
Telecopier: (601) 969-5120
E-Mail: ecurrie@curriejohnson.com
    jgill@curriejohson.com

Cheryl P. Vollweiler
SKARZYNSKI MARICK & BLACK LLP
One Battery Park Plaza, 32nd Floor
New York, NY 10004
E-Mail: cvollweiler@skarzynski.com

## CERTIFICATE OF SERVICE

I, Walter H. Boone, do hereby certify that I have this day electronically filed the foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record associated in this cause.

THIS, the 29th day of July 2024.

*/s/ Walter H. Boone*
Walter H. Boone