**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

| | |
|---|---|
| **STARR INDEMNITY & LIABILITY** | |
| **INSURANCE COMPANY**, | |
| | |
| *Plaintiff*, | |
| | |
| *v.* | Cause No. 3:23-CV-215-CWR-LGI |
| | |
| **RIVER & ROADS DIRECTIONAL** | |
| **DRILLING, LLC, et al.**, | |
| | |
| *Defendants*. | |

**ORDER**

Before the Court is Starr Indemnity & Liability Insurance Company's motion for summary judgment on Ethan Parker's affirmative defenses and counterclaims. Docket No. 212. After reviewing the evidence, arguments, and applicable law, the motion will be denied and a Pretrial Conference will be scheduled.[1]

I.     **Facts**

In June 2021, Mississippians Matthew Feldman and Ethan Parker were working for River & Roads Directional Drilling on a pipeline project in Indiana. After dinner one night, as Parker was driving Feldman back to their rented cabin in a company vehicle, their vehicle ran off the road. Feldman sustained personal injuries totaling millions of dollars in damages.

Three months later, Feldman sued Parker for negligence in Mississippi state court. And that's where the dispute before this Court truly begins.

---

[1] Although the parties are still in the process of uploading supporting materials to the docket, *see* Docket No. 293, all of the relevant evidence and briefs have either been docketed or emailed to chambers.

Liberty Mutual was the primary insurer. Its policy provided $1 million of coverage for these kinds of accidents. It paid for Parker's defense in state court.

Very early on in the state-court case, Liberty determined that Feldman was <u>not</u> acting in the course and scope of his employment at the time of the accident. Several considerations went into that determination. Two of the more important ones here are that Feldman had a fixed work site and fixed hours. The accident didn't happen at that site or during those hours.

In any event, Liberty's determination had several consequences. Perhaps most significant is it meant Parker would <u>not</u> try to move Feldman's claim into the workers' compensation system. *See Hanco Corp. v. Goldman*, 178 So. 3d 709, 713 (Miss. 2015) (defining the exclusivity provision of the Mississippi Workers' Compensation Act). Instead, a court of law would be the forum for Feldman and Parker to sort out their dispute. So everyone proceeded to litigate the negligence matter in state court.

Starr Indemnity & Liability Insurance Company was the excess insurer. It had $14 million of coverage available to defend (and if necessary indemnify) Parker, if Liberty's policy was exhausted.

Starr was paying close attention. It knew early on that its coverage was implicated because the monetary damages sought were significant. Starr also knew early on about Liberty's course and scope of employment determination. In the year and a half that elapsed from September 2021 to early 2023, as the parties gathered their discovery and experts for the state-court suit, Starr was heavily involved in Parker's defense.

The Court cannot yet disclose to readers the specifics of Starr's knowledge and involvement. Parker's redacted version of the evidence is docketed, *see, e.g.*, Docket No. 222 at 4-7, but the parties will soon be refiling motions to seal the evidence and related

memoranda. The Court must then rule on which of the exhibits and memoranda warrant confidentiality under Fifth Circuit precedent. The evidence has been emailed to the Court's chambers, however, and it shows significant knowledge, direction, and control by Starr.

That brings us to March 2023. It was then, on the eve of a scheduled mediation, that Starr announced for the first time that it had no coverage under its policy. By then, it was (arguably) too late for Parker's attorneys to argue to the state court that Feldman's exclusive remedy was workers' compensation benefits. (More on this later.) It also was too late for Feldman to pursue workers' comp. The result was to leave Parker defending a multi-million-dollar negligence suit with Liberty's $1 million available to pay any judgment, but no excess insurance.

The same day it issued it its denial letter, Starr initiated this action against River & Roads, Feldman, and Parker in this Court. It seeks a declaratory judgment that it has no obligation to defend or indemnify Parker in the state-court suit. Parker counterclaimed to seek his own declaratory judgment and damages. He claims Starr is liable to him for bad faith denial of insurance benefits, tortious interference with contract, breach of contract, breach of the implied covenant of good faith and fair dealing, estoppel, waiver, gross negligence, negligence, and breach of fiduciary duty. Parker also added Liberty into the case as a third-party defendant.

The parties previously argued about whether Starr owes a duty to defend and indemnify Parker in the state-court action. They filed several motions asking this Court to decide whether Feldman was acting in the course and scope of his employment at the time of the accident. *See* Docket Nos. 167, 190, and 203. If he was, then exclusions in Starr's policy might bar Starr's coverage. The Court has not ruled on those motions.

Starr then filed the present motion. It says there is no genuine dispute of material fact and it is entitled to judgment as a matter of law on Parker's affirmative defenses and counterclaims. Its arguments will be addressed below.

As this motion was under consideration, the state-court suit was tried to verdict. A jury awarded Feldman just over $4 million in compensatory damages. Liberty then sent Feldman its $1 million policy limits. That means the primary policy has now been fully exhausted.[2] The Court does not know if Parker has or will appeal the judgment. As of today, though, he owes Feldman slightly more than $3 million.

## II.   Legal Standard

Because the summary-judgment standard is well-known and not disputed by these sophisticated parties, the Court will proceed directly to the substantive analysis.

## III.   Discussion

In *Southern Farm Bureau Casualty Insurance Company v. Logan*, the Mississippi Supreme Court held that an insurance company could not defend a case on behalf of its insured, let a default judgment be taken against her, and then tell her to provide her own defense. 119 So. 2d 268, 272 (Miss. 1960). The case recited "the general rule . . . that an insurer who withdraws from the defense of an action is estopped to deny liability under the policy if its conduct results in prejudice to the insured." *Id.* The court reasoned as follows:

> Laying aside the question of the duty of insurer to defend, the fact that the insurer assumes the defense may give rise to a duty to continue with the defense and make the insurer liable for its withdrawal therefrom, though it would not have been liable if it had not assumed the defense in the first instance.

---

[2] Liberty apparently tried to tender its policy limits at the April 2023 mediation. It is not clear what prevented it from doing so, but the deposition excerpts suggest that Starr objected.

*Id.*

The Fifth Circuit later relied upon this case for the proposition that in Mississippi, "[w]hen the alleged misconduct of the insurer concerns the duty to defend, the insurer may be liable despite an exclusion otherwise applicable." *Twin City Fire Ins. Co. v. City of Madison, Miss.*, 309 F.3d 901, 906 (5th Cir. 2002). "Even if the insurer would not have been liable had it not assumed the defense in the first instance, it may become liable for withdrawing, because the assumption of the defense may give rise to a duty to continue with the defense." *Id.* (citation omitted).

This legal doctrine is called "equitable estoppel." *Id.* at 908. In plain English, it "prevent[s] the insurer from denying liability under the policy." *Id.*

Simple word substitution gives us an operating principle for this case: Laying aside the question of Starr's duty to defend, the fact that it assumed Parker's defense may give rise to a duty to continue with Parker's defense and make Starr liable, though it would not have been liable if it had not assumed the defense in the first instance.

The question then becomes, did Starr assume Parker's defense? It says no. Starr argues that it never took "control" of Parker's defense—it was always Liberty's case to control, it contends—and that its right to "associate" in the defense does not amount to control. Its supporting case for that proposition found "no evidence that [the insurance company] controlled or directed the litigation in state court." *Am. Cas. Co. v. United S. Bank*, 950 F.2d 250, 253 (5th Cir. 1992).

In our case, though, there is substantial evidence of Starr's knowledge and direction of the state-court litigation. This evidence is presently non-public. If it does not meet the legal standard necessary for it to remain non-public, it will be filed electronically on the docket,

and this Order will be supplemented with the relevant content. But the evidence this Court has seen presents a factual dispute that a jury must hear and adjudicate. *See Maryland Cas. Co. v. Nestle*, No. 1:09-CV-644-LG-RHW, 2010 WL 3735756, at *8 (S.D. Miss. Sept. 17, 2010) (finding "a question of fact as to whether Maryland Casualty is estopped from denying coverage").

Starr presses as a global defense that it had no duty to defend Parker. Cases like *Logan* and *Twin City* certainly suggest that had Starr kept out of Parker's suit and denied coverage at the outset of the claim and ensuing litigation, it might not have found itself in an estoppel situation. Yet Starr elected to chart a different course.

It also is true that in Mississippi, "an insurance company should not be estopped from raising coverage defenses when it assigns its insured an attorney upon receipt of a notice of claim, investigates the claim and promptly denies coverage." *Hinton v. Pekin Ins. Co.*, 268 So. 3d 543, 556 (Miss. 2019). But that didn't happen here either. Starr immersed itself in Parker's state-court defense for so long that its eventual denial letter cannot be called "prompt."

Starr then blames Parker and Liberty for the problem. Starr argues that when it issued its denial letter in March 2023, Parker and Liberty should have asked the state-court judge for permission to amend Parker's answer and invoke the workers' comp exclusivity defense. Starr suggests that Liberty, wielding control over Parker's defense, didn't do that because workers' comp would ultimately have cost Liberty more money. (Liberty's workers' comp coverage was <u>not</u> subject to the $1 million policy limits.) Perhaps Parker too did not want to go down that path, if it risked a lower recovery for his coworker Feldman.

Starr's argument is essentially grounded in the notion of comparative fault, which in Mississippi is a determination that belongs to the finder of fact. If Starr has preserved a

6

comparative fault claim against Parker and Liberty in its amended complaint—on this, the Court is not entirely clear—then the jury should determine to what extent each party is responsible for Parker being exposed to the unpaid portion of the judgment.

Lastly, given the above, it is not clear that the parties' earlier cross-motions for partial summary judgment matter. Even if Starr prevailed there—*i.e.*, if the Court agreed that Starr had no duty to defend Parker because Feldman was acting in the course and scope of his employment at the time of the accident, triggering an exclusion—a jury could find that Starr's conduct results in waiver and ultimately injured Parker to the tune of $3 million. *See Grain Dealers Mut. Ins. Co. v. Cooley*, 734 F. App'x 223, 227 n.1 (5th Cir. 2018). Restated, the Court's finding of a factual dispute on Parker's estoppel claim renders moot the previous cross-motions about the policy exclusions. So those motions will be denied as moot.

## IV.   Conclusion

For these reasons, Starr's motion for summary judgment is denied. The earlier cross-motions for partial summary judgment are denied. And the motion for oral argument is denied. The Courtroom Deputy shall calendar this case for a pretrial conference.

**SO ORDERED**, this the 27th day of August, 2024.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE