IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **STARR INDEMNITY & LIABILITY INSURANCE COMPANY**, <br><br> *Plaintiff*, <br><br> *v.* <br><br> **RIVER & ROADS DIRECTIONAL DRILLING, LLC, et al.**, <br><br> *Defendants*. | CAUSE NO. 3:23-CV-215-CWR-LGI |

# ORDER

Before the Court is Ethan Parker's second motion for sanctions against Starr Indemnity & Liability Insurance Company. Docket No. 143.

Most of the motion concerns Starr's alleged noncompliance with Judge Isaac's Orders. Because she is better-positioned to consider whether Starr violated her Orders, issued in the context of her discovery hearings, the part of the motion that seeks factual findings on such non-compliance will be denied without prejudice, and this Court will defer to her for more context.

As for the remainder of the motion, though, the record does in fact reveal conduct that likely warrants some kind of sanction.

Starr's argument is simple. It says it complied with Judge Isaac's January 10, 2024 Order and therefore should not be sanctioned. In Starr's view, the Order required it to supplement only its sixth privilege log, rather than all of its privilege logs. And in justifying its actions, Starr's brief claims that "at the time of the January 10 Order, it is undisputed that

Parker **had never** raised any alleged deficiencies with respect to any specific entries from Starr's other privilege logs, much less brought any such alleged deficiencies before the Court." Docket No. 177 at 9 n.1 (emphasis in original).

That statement is false. At the December 8, 2023 discovery hearing, in arguing that "some of these privilege logs are very broad," Parker showed the Court "an example here of Starr 320, which is . . . an e-mail from Maureen Stromberg at Sedgwick to Paul Zatopek . . . dated September of 2021." Docket No. 119 at 11. Starr 320 is on Starr's first privilege log. Docket No. 143-1 at 6. That means Parker **had** raised alleged deficiencies with respect to specific entries from Starr's other privilege logs **and** brought the alleged deficiencies before the Court, all before Judge Isaac's January 10 Order.

There have been a number of discovery errors in this case. Some have been confessed; others remain disputed. It's concerning and requires this Court to determine who directed what appears to be stonewalling of legitimate discovery or obfuscating the truth in filings to the Court.

No sanctions are issuing today. The Court will await Judge Isaac's ruling on the other three sanctions motions now pending before her. It will then hold a hearing to understand whether Starr's misrepresentation reflects a pattern of conduct and whether sanctions are due to be imposed under the governing legal standard. *See, e.g.*, *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991); *Jenkins v. Methodist Hosps. of Dallas, Inc.*, 478 F.3d 255, 265 (5th Cir. 2007); *White v. Reg'l Adjustment Bur., Inc.*, 641 F. App'x 298, 299 (5th Cir. 2015); *United States v. Bell*, No. 3:19-CR-31-CWR-LGI-1, 2022 WL 2541280, at *4 (S.D. Miss. July 7, 2022). At that hearing, the Court will specifically want to know whether Starr ever supplemented its privilege log as to the examples presented in Parker's second motion for sanctions. *See* Docket No. 144.

Cases should be resolved on their merits wherever possible, rather than through default judgments. *See Harper Macleod Solics. v. Keaty & Keaty*, 260 F.3d 389, 393 (5th Cir. 2001). Given that principle, and consistent with the summary-judgment Order issued last month in this case, this matter should probably be presented to and resolved by a jury. That is not closing the door to a default judgment being sought in the aftermath of Judge Isaac's ruling or other new developments. But the Court is not sure we are there yet. Accordingly, the parties should be prepared to argue about whether a sanction tailored to this case would be a jury instruction explaining that Starr misrepresented facts to the Court during the course of the litigation, or something else.

The motion is granted to the extent that a sanctions hearing will be scheduled. It is denied without prejudice in all other respects.

**SO ORDERED**, this the 26th day of September, 2024.

s/ Carlton W. Reeves<br>UNITED STATES DISTRICT JUDGE