# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

STARR INDEMNITY &
LIABILITY INSURANCE COMPANY                                         PLAINTIFF

v.                                      CIVIL ACTION NO. 3:23-cv-00215-CWR-LGI

RIVER & ROADS DIRECTIONAL
DRILLING, LLC, et al.                                               DEFENDANTS

## ORDER

This matter is before the Court on competing motions for sanctions. Defendant Ethan Parker ("Parker") filed a Motion for Sanctions [110] against Plaintiff Starr Indemnity & Liability Insurance Company ("Starr"). Also before the Court are Starr's [173] Motion for Sanctions against Parker [178] and Second Motion for Sanctions against Parker.

Under the best of circumstances, the discovery process between the parties should be courteous and cooperative. Justice John Roberts stated it best in his 2015 Year-End Report on the Federal Judiciary:

> As for the lawyers, most will readily agree—in the abstract—that they have an obligation to their clients, and to the justice system, to avoid antagonistic tactics, wasteful procedural maneuvers, and teetering brinksmanship. I cannot believe that many members of the bar went to law school because of a burning desire to spend their professional life wearing down opponents with creatively burdensome discovery requests or evading legitimate requests through dilatory tactics. The test for plaintiffs' and defendants' counsel alike is whether they will affirmatively search out cooperative solutions, chart a cost-effective course of litigation, and assume shared responsibility with opposing counsel to achieve just results.

Chief Justice's 2015 Year-End Report on the Federal Judiciary, p. 11.

In reviewing the parties' submissions and the record before it, the Court is convinced that the discovery process in this matter has been completely subverted. Further, it is clear that the

conduct of the parties, in certain respects, is indeed sanctionable.

Judge Reeves recently entered an Order [350] requesting that the undersigned render fact-finding as to the alleged violations of discovery orders as well as other alleged discovery abuses.[1] The Court anticipates providing its findings of fact sufficiently in advance of the Sanctions Hearing currently scheduled before Judge Reeves on October 16, 2024.

Accordingly, the undersigned defers her rulings as the Parker's Motion for Sanctions [110], Starr's [173] Motion for Sanctions and Starr's [178] Second Motion for Sanctions.

**SO ORDERED** this the 30th day of September, 2024.

/s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE

---

[1] On September 26, 2024, District Judge Reeves ruled on Parker's Second Motion for Sanctions [143], finding that "the part of the motion that seeks factual findings on . . . non-compliance [with Judge Isaac's Orders], will be denied without prejudice, and this Court will defer to her for more context." Thus, the undersigned addresses this portion of [143] Parker's motion herein.