IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**STARR INDEMNITY & LIABILITY INSURANCE COMPANY**,

*Plaintiff*,

v.

**RIVER & ROADS DIRECTIONAL DRILLING, LLC, et al.**,

*Defendants*.

CAUSE NO. 3:23-CV-215-CWR-LGI

## ORDER

The Court previously reserved ruling on defendant Ethan Parker's motion for partial summary judgment. *See* Docket No. 466. Upon renewed consideration of the facts and law, and now with the benefit of the parties' supplemental filings, the Court denies the motion.

"The present case admittedly presents unique facts, and neither the parties nor the Court have found cases squarely on point." *Sealey v. Johanson*, 175 F. Supp. 3d 681, 690 (S.D. Miss. 2016). As the Court recited in its earlier Order on this subject, Parker's supporting cases do not involve an insured seeking coverage by logical implication. Mississippi law on the subject emphasizes that the facts of each case matter, *see Genesis Ins. Co. v. Wausau Ins. Companies*, 343 F.3d 733, 739 (5th Cir. 2003) ("none of the Mississippi cases address the issue of compulsion issue apart from its particular factual context") and *S. Ins. Co. v. Affiliated FM Ins.*, 830 F.3d 337, 347–48 (5th Cir. 2016) ("whether a payment was compelled or made voluntarily is a highly factual determination"), and the true facts of this matter have not been fully fleshed out at trial.

In the absence of case law controlling our situation, the Court has wrestled with two issues since it received the supplemental filings. The first is the contortion that Parker's desired ruling risks placing upon the judicial system. We'll begin there.

In this matter (*Starr I*), the insured (Parker) seeks a finding that his excess insurer's (Starr's) $3 million payment on his behalf was essentially the 'nail in the coffin' of coverage. He observes that Starr repeatedly characterizes its payment as "compelled." Because Starr's $3 million payment was not compelled by a Court Order, he says, it follows that Starr could only have been compelled by the contractual duty it owed him. There is a certain amount of appeal to this contention.

In *Starr II*, meanwhile, the primary insurer (Liberty) characterizes Starr's $3 million payment as "voluntary," such that Starr cannot maintain its subrogation action against Liberty. This argument also has appeal, as it is drawn directly from the case law. *See Genesis*, 343 F.3d at 739-40.

So problem one might be this: if the Court agrees with Parker and Starr in *Starr I* and finds that Starr's $3 million payment was compelled by the contract of insurance, how can it find in *Starr II* that the very same payment was voluntary? Obviously, courts should not contort themselves into conclusions that are convenient in the moment but difficult to reconcile. And here, even the convenience is questionable. Assuming a finding of coverage today spared us a trial on Starr's exclusions and Parker's coverage-by-estoppel theory—allowing everyone to proceed directly to the bad faith count—the savings would be illusory if the finding renders *Starr II* unworkable or inconsistent with precedent.

The second issue is the classic "who decides" problem.

It is not entirely clear why a jury of ordinary people should devote weeks to hear from an insurance company all the reasons why it owed (and owes) no coverage to a confessed insured, when just a few months before trial the insurance company spent millions of dollars on behalf of that insured. If the strategy is perceived as wasting the jurors' time it could backfire—perhaps even bolstering the insured's bad faith claim—and what does the insurer get if it wins? It can't get the money back from the underlying tort victim. *See* Couch on Ins. § 226:55. If viewed strictly from an efficiency perspective, then, it might be better for the presiding judicial officer to order the parties to focus their time and attention on the core issue—*i.e.*, on what's really been going on since the payment was made: the assertion and defense of a bad-faith claim.

The obvious rejoinder is that courts should not try to anticipate how factual arguments will play out before finders of fact. That's a fair point, and it cuts both ways. In the above scenario, for example, the insured might not truly mind having an insurance company spend weeks arguing no-coverage to a jury. The display might show rather than tell the jurors exactly what it felt like for an insurance company to take out its grievance with another insurer on an ordinary person.

This is a long way of saying that in this case, the better course of action might be to air these factual disputes before the jury. If that is error, or a decision rendered futile by a directed verdict, then at least the Court will have brought the dispute to the adjudicative body deemed most appropriate by the Constitution. *See* U.S. Const. amend. VII.

The Court recognizes Parker's 'Starr-can't-have-it-both-ways' argument. *See Washington Mut. Fin. Grp., LLC v. Bailey*, 364 F.3d 260, 268 (5th Cir. 2004). If it becomes clear during the course of the trial that such a scenario is playing out here, with respect to

3

inconsistent positions between *Starr I* and *Starr II* or otherwise, then Parker may raise it in his directed verdict on coverage or another appropriate juncture. *See* Jackson & Childress, Miss. Ins. L. & Prac. § 1312 (2024 ed.).

The motion is denied, and as the Court has repeatedly made clear to the parties, the case is still in your hands.

**SO ORDERED**, this the 20th day of March, 2025.

                                                s/ Carlton W. Reeves
                                                UNITED STATES DISTRICT JUDGE