# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**STARR INDEMNITY & LIABILITY INSURANCE COMPANY**,

*Plaintiff,*

v.

**RIVER & ROADS DIRECTIONAL DRILLING, LLC, et al.**,

*Defendants.*

CAUSE NO. 3:23-CV-215-CWR-LGI

## ORDER

Liberty Mutual has moved to disqualify a law firm (Balch & Bingham LLP) and an expert (Christopher W. Martin) from representing or advancing the interests of Starr Indemnity at our long-planned trial. Docket No. 516. The parties briefed the matter on an expedited basis, in recognition that trial is set to begin in two weeks. Upon review, the Court concludes that the motion should be denied.

On the first issue, whether Liberty can disqualify Balch & Bingham, Mississippi law says that "[t]he client cannot hold the right in reserve for tactical purposes until it would be most helpful to his position. Failure to move for disqualification at the earliest practical opportunity will constitute a waiver." *Wilbourn v. Stennett, Wilkinson & Ward*, 687 So. 2d 1205, 1217 (Miss. 1996); *see also Williams v. Bell*, 793 So. 2d 609, 613 (Miss. 2001) (finding disqualification argument waived where there was "no good reason for such a delay"); *Colson v. Johnson*, 764 So. 2d 438, 440 (Miss. 2000) (finding disqualification argument waived because "[a]n entire year passed by before any such objection was made").

This law supports a finding of waiver here. Liberty could have sought disqualification after seeing Balch's entry of appearance in this matter in June 2024, when Balch filed *Starr II* against Liberty in September 2024, or upon Balch's zealous pursuit of discovery antagonistic to Liberty in this case in early 2025. Liberty did not. Liberty says it "investigated" only after the issue hit its radar in mid to late February 2025. Docket No. 537-1 at 24. Even then, it did not file the present motion until April 2025. Its failure to seek disqualification at the "earliest possible opportunity" results in waiver. *Wilbourn*, 687 So. 2d at 1217.

Liberty presses that the above-cited cases are distinguishable because they involve former clients, not current clients. Perhaps the Mississippi Supreme Court will ultimately agree with that argument, if a question from this case is certified to and accepted by that court. But the language used in the above decisions does not make that distinction. And it is not clear why current clients should not have to promptly lodge an objection to an arguably conflicted representation.

After considering Liberty and Starr's arguments, Mississippi law, and the practicalities of its docket, the Court declines to push this trial into 2026 based upon information Liberty knew long ago and did not timely raise. The motion is therefore denied in *this* matter, without prejudice to further, more fulsome consideration of disqualification in *Starr II*—a matter not on the cusp of jury selection.

That leaves Liberty's motion to disqualify Martin. At this juncture, the Court will insert the language it prepared after reviewing the *Daubert* motion concerning this expert:

The report and deposition of Martin reveal several legal opinions and speculative assertions that are not reliably drawn from "the facts of the case." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004). There are not similar defects in the proposed testimony of

Starr's other expert on the same subject, Rick Hammond. Because the Court already indicated that Starr could not present cumulative expert testimony, and after comparing the deficiencies in Martin's work to the lack of deficiencies in Hammond's work, the Court excludes Martin.

As a result, Liberty's motion to disqualify Martin is denied as moot. The undersigned expresses no opinion on any disciplinary or contractual issues that may follow from Liberty and Martin's apparent falling out.

The Court's long-simmering questions about Liberty's role at this trial have now manifested themselves in a motion to sever. The Court will take that up next. As the parties prepare, however, they should be cognizant that the Court is preparing a limiting instruction intended to focus the jury's attention on Starr and Parker's duties toward and grievances with one another, rather than with Liberty. Starr did not sue Liberty when it commenced this action or amend to target Liberty when Parker brought Liberty in as a third-party defendant. Instead, Starr chose to file *Starr II*. The jury will be so instructed.

Because the motion to disqualify is denied, Starr's motion to strike Liberty's reply brief [551] is denied as moot.

**SO ORDERED**, this the 7th day of April, 2025.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE