#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
#### NORTHERN DIVISION

| | |
|---|---|
| **STARR INDEMNITY & LIABILITY INSURANCE COMPANY**, *Plaintiff*, v. **RIVER & ROADS DIRECTIONAL DRILLING, LLC, et al.**, *Defendants*. | CAUSE NO. 3:23-CV-215-CWR-LGI |

### ORDER

Before the Court are the parties' motions in limine. Docket Nos. 477, 479, and 481. The motions are fully briefed and ready for adjudication.

The legal standard is well-established:

> A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, or alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.

*Cobb v. Associated Gen. Contractors of Miss. Inc.*, No. 3:20-CV-61-CWR-LGI, 2022 WL 277353, at *1 (S.D. Miss. Jan. 28, 2022) (citing *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977)).

"[I]f a motion in limine is granted, a party must obtain the trial court's permission, at the bench or otherwise outside the jury's presence, before asking potentially prejudicial questions or introducing potentially prejudicial evidence." *White v. Dolgencorp, LLC*, No. 3:21-

CV-738-KHJ-MTP, 2023 WL 2703612, at *1 (S.D. Miss. Mar. 29, 2023) (quotation marks and citation omitted). "However, *in limine* rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000) (citation omitted).

The thrust of Starr's motion is that it is entitled to judgment as a matter of law on Parker's bad faith claim. It is not. In Mississippi, an insurer can be held accountable for "failure to properly investigate" a claim, *Lewis v. Equity Nat. Life Ins.*, 637 So. 2d 183, 187 (Miss. 1994); "inordinate delay in processing the claim," *id.* at 188; "failure . . . to follow its own investigative procedures," *Bankers Life & Cas. Co. v. Crenshaw*, 483 So. 2d 254, 271 (Miss. 1985); failing to honor the insured's right "to an honest, not disingenuous response to his claim," *id.* at 272; failing to pay after its "investigation had determined that [it] wrongfully terminated coverage," *Blue Cross & Blue Shield of Miss., Inc. v. Maas*, 516 So. 2d 495, 498 (Miss. 1987); attempting to use its insured's "financial dire straits, lack of sophistication, and inferior bargaining position as a settlement leverage," *Andrew Jackson Life Ins. v. Williams*, 566 So. 2d 1172, 1190 (Miss. 1990); delaying payment to increase economic pressure upon its insured, *Travelers Indem. Co. v. Wetherbee*, 368 So. 2d 829, 835 (Miss. 1979); conducting a "habitually delayed 'investigation' involving intentional choices to pass along duties" to others, *AmFed Companies, LLC v. Jordan*, 34 So. 3d 1177, 1185 (Miss. Ct. App. 2009); "concoct[ing] an imagined loophole in a policy whose plain language extends coverage," *Murphree v. Fed. Ins.*, 707 So. 2d 523, 533 (Miss. 1997), denying a claim based on "innuendo" rather than "direct evidence," *State Farm Mut. Auto. Ins. v. Grimes*, 722 So. 2d 637, 642 (Miss. 1998), or any other form of "deliberate indifference if not hostility to the right of the insured which was never corrected," *id.* And here, for all of Starr's protestations about the primary insurer's mistakes or errors,

2

there is a genuine dispute of material fact as to whether *Starr's* conduct as to its own insured, Parker, complied with Mississippi law. That portion of its motion is denied.

The rest of Starr's motion will be resolved in a more summary form:

- The arguments concerning Ned Currie and the experts have been rendered moot by recent rulings on those subjects.

- Starr's arguments attacking Parker's damages calculations are largely for the jury, but the Court may convene a hearing on this outside the presence of the jury. It suspects but does not hold today that Parker's starting point for compensatory damages is anchored around the sum that Starr ultimately paid on his behalf, *i.e.*, the approximately $3 million satisfaction-of-judgment payment. And Mississippi law does not require Parker to today prove up the hours his attorneys spent advocating for Starr to pay that sum. *See United Servs. Auto. Ass'n v. Est. of Sylvia F.*, No. 2023-CA-49-SCT, 2024 WL 4985302, at *13 (Miss. Dec. 5, 2024).[1] Starr's emotional distress damages arguments are denied per *Landrum v. Conseco Life Ins.*, No. 1:12-CV-5-HSO-RHW, 2014 WL 28861, at *3-4 (S.D. Miss. Jan. 2, 2014), but it may re-urge its mental anguish and NIED arguments at the close of evidence.

- The argument about settlement talks and mediations conducted in <u>this</u> case is granted, as those are inadmissible under Rule 408. Mention of the first state-court mediation, however, would likely not violate Rule 408 and provides context for the jury to understand the timing of Starr's March 2023 correspondence to Parker.

---

[1] If Parker's attorney's fees have so far been paid by Liberty on an hourly basis, then perhaps they could become a measure of damages Liberty seeks to recover in *Starr II*. But that is not on the agenda today. The Court mentions it to expressly seek the parties' assistance in dividing *Starr I* from *II*, so each finder of fact focuses on the true issues before it. A retrial benefits no one.

Going into the substance of that mediation is more complicated and warrants collective discussion. At that time, Starr should respond to Parker's invocation of *Milhouse v. Travelers Com. Ins.*, 982 F. Supp. 2d 1088, 1108 (C.D. Cal. 2013).

- Starr's attempt to exclude arguments that it breached its duty to defend is denied, unless Starr wishes to stipulate that it had such a duty.
- The motion to exclude draft emails is denied.
- Starr's argument to preclude references to *Starr II* is also denied. The fact of that suit's existence is (a) necessary context, (b) focuses this trial on the causes of action actually asserted rather than insinuated in this matter, and (c) prevents this trial from merging with the dispute to be litigated in *Starr II*.
- Arguments about untimely disclosures must be adjudicated in conjunction with the pending motion to strike Starr's own arguably-untimely disclosures. Both parties' opening arguments should refrain from using documents disclosed after the most recent abbreviated discovery period.
- The bifurcation issue is similarly reserved for a hearing. At a minimum, any punitive damages phase is due to be bifurcated. *See Landrum*, 2014 WL 28861, at *3. Net worth evidence is inadmissible until then.
- Starr's argument to exclude evidence of its conduct during the litigation is denied. *See Gregory v. Cont'l Ins.*, 575 So. 2d 534, 542 (Miss. 1990). Starr's backup argument here, which says that such evidence would waste of the jury's time, is not well-taken in the context of this litigation.

That brings us to Parker's motion in limine.

Parker's arguments as to Martin's "conspiracy theory" have likely been rendered moot by other rulings excluding that expert. To the extent the notion is likely to recur, though, Parker's objections are well-taken, at least as they pertain to Liberty.

This trial is about Starr versus Parker and Parker versus Starr. The jury will have much to consider. If Starr had an arguable basis to reserve its rights, why did it wait so long to tell Parker? Equally as important, did Starr's bad faith denial of insurance benefits, if any the jury finds, cause Parker any genuine damages? In answering these questions, evidence that dwells on the propriety of Liberty's decisions is irrelevant and a waste of time. As a matter of fact, the Court is not aware of evidence that Parker, a layperson, had a role in Liberty and Daniel Coker's alleged steering of the defense from workers' comp to the state-court system. And as a matter of law, Starr has asserted no cause of action or sought to apportion fault to Liberty in this action. The parties should stay focused on each other rather than the empty chair.

Starr's response then presses the notion that Parker also had ulterior financial motives. "If Feldman proceeded in workers' compensation," Starr says, "there would have been no lawsuit against Parker, no bad faith lawsuit here, and no possibility of any recovery by Parker." Docket No. 496 at 6. Under this theory, Parker *wanted* Starr to leave him exposed to a ruinous multi-million-dollar judgment, just so he could later sue Starr for bad faith denial of insurance benefits. The undersigned is not aware of evidence supporting this theory, but does not presently see an evidentiary barrier to Starr asking Parker, a genuine party to this action, about this possibility during his testimony.

Next, Parker's motion to exclude evidence of collateral sources is granted in part and denied in part. As Starr's response correctly observes, a jury empaneled in this kind of insurance dispute needs to know some basics. Here, at a minimum that means having a big-

5

picture understanding of Feldman's injuries, Liberty's primary coverage of $1 million that was tendered, and Starr's excess insurance, $3 million of which was eventually paid under protest. Other details may also be fleshed out without violating the rule, if a proponent of evidence lays a foundation.

Parker's late disclosure and untimeliness arguments will be taken up alongside Starr's similar request.

Parker's request to exclude evidence on Exclusion 3, the workers' comp exclusion, is granted as unopposed.

The motion to exclude public policy-type appeals to insurance premiums is granted.

The argument to exclude "permissive use" is granted, at least as to Starr's case-in-chief. No such claim was articulated in the complaint. Whether it can come in later might depend on Parker's presentation of evidence.

Parker's argument that Starr waived application of the statutory cap on punitive damages is reserved for post-trial motions, if necessary.

Last up is Liberty's motion in limine. Unsurprisingly it is denied as unnecessary, since Liberty is not a participant in this trial. Consistent with this Court's prior Orders, Starr and Parker are expected to stay focused on the claims and counterclaims against each other. In a world where *Starr II* exists, this trial is not the forum to litigate the ultimate correctness of Liberty's actions.

**SO ORDERED**, this the 22nd day of April, 2025.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE