## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

STARR INDEMNITY & LIABILITY
INSURANCE COMPANY,

*Plaintiff,*

v.

CAUSE NO. 3:23-CV-215-CWR-LGI

RIVER & ROADS DIRECTIONAL
DRILLING, LLC, *et al.,*

*Defendants.*

### ORDER

Liberty Mutual moved the Court to remove confidential designations from claim documents. Docket No. 507. Liberty requests that the Court remove the confidentiality designation from all documents other than "proprietary documents, such as claim handling guidelines." *Id.* at 3. Liberty's motion is denied.

On September 29, 2023, the Magistrate Judge entered an agreed Protective Order "[t]o expedite the flow of discovery, facilitate the prompt resolution of disputes over claims of confidentiality, and provide protection for confidential materials[.]" Docket No. 69 at 1. The Protective Order was necessary to prevent Matthew Tyler Feldman and his counsel from receiving and accessing Liberty's and Starr's claim documents (and thus the defense strategy) relating to Mr. Feldman's then-pending lawsuit against Ethan Parker in the Circuit Court of Newton County, Mississippi ("Underlying Case"); and to protect Mr. Feldman's private medical information.

Liberty asserts that because the Underlying Case ended in September 2024, there is no longer a need for the claim-related documents to remain confidential. Counsel for Liberty

1

represents that he contacted counsel for Parker and River & Roads, and they each stated they have no opposition to the requested relief.[1] Docket 507 at 2. Neither has filed anything with the Court. More importantly, counsel is silent with respect to the protection of Mr. Feldman's private medical information and whether he contacted counsel for Mr. Feldman regarding this motion. The motion also lacks any proposed process for how or when such documents are deemed "proprietary."

In light of the foregoing, Liberty's motion is denied without prejudice. Any future request for this relief should include representations that counsel for all interested parties, including counsel for Mr. Feldman, have been contacted and whether they consent. It should also identify documents in the record — by **both** bates number **and** docket entry numbers with page numbers, where such documents have been filed on the docket in this action and/or in the related action, No. 3:24-CV-576 — from which counsel wishes to have the confidential designation removed. If any such documents have been filed under seal, counsel should also submit an accompanying motion to unseal, where appropriate. Should either party believe there are documents that could have the confidential designation removed, so long as specific portions are redacted,[2] they shall supply two copies of those documents to the Court along with their request: one complete copy, and one copy containing the proposed redactions.

**SO ORDERED**, this the 11th day of March 2026.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[1] Starr filed a response mostly consenting to the requested relief. Docket No. 535.

[2] *E.g.*, Docket No. 592 at 2 ("To the extent any of these depositions contain answers to specific questions about claim handling guidelines, such portions of those depositions may remain confidential.").