**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**STARR INDEMNITY & LIABILITY
INSURANCE COMPANY,**

> *Plaintiff,*

v.

CAUSE NO. 3:23-CV-215-CWR-LGI

**RIVER & ROADS DIRECTIONAL
DRILLING, LLC,** *et al.,*

> *Defendants.*

## ORDER

A variety of motions are currently pending before the Court. Defendant/Counter-Plaintiff Ethan Parker filed a motion seeking an award of attorneys' fees and litigation expenses against Starr, pursuant to *Universal Life Ins. Co. v. Veasley*, 610 So. 2d 290 (Miss. 1992). Docket No. 634. Starr requested limited discovery in connection with Mr. Parker's motion. Docket No. 641. Because Mr. Parker has a basis for his entitlement to fees in this action but has failed to supply the Court with sufficient information to assess the appropriateness of the requested sums, his motion for attorneys' fees is granted in part and denied in part. More information is necessary, but the discovery requested by Starr is not. Starr's motion for limited discovery is denied.

Mr. Parker also filed a motion for sanctions. Docket No. 642. The subject of his motion, however, is properly before another court in this district. His motion is denied. Starr moved to strike Mr. Parker's reply in support of his motion for sanctions or, in the alternative, for leave to file a sur-reply. Docket No. 651. Starr's motion is denied as moot.

1

Starr also moved for entry of final judgment. Docket No. 636. The Court will enter final judgment upon resolution of the attorneys' fees matter embraced by this Order. Starr's motion is denied.

The Court addresses each set of motions in turn.

### 1.    Attorneys' Fees and Litigation Expenses

Mississippi recognizes an intermediate form of relief "between simply receiving incidental costs of suit (but not attorneys' fees and other damages), and getting punitive damages." *Essinger v. Liberty Mut. Fire Ins. Co.*, 529 F.3d 264, 270 (5th Cir. 2008). That intermediate form of relief is a type of extra-contractual damages, sometimes referred to as *Veasley* damages. "When an insurance company breaches its contract with an insured but does not do so in a way that is so egregious as to permit the recovery of punitive damages . . . the insured in some circumstances will have a right to attorneys' fees and other expenses that were reasonably foreseeable." *Id.* (citing *Veasley*, 610 So. 2d at 295). These damages, which include attorneys' fees, may be available, when an insured has proved that his insurance company tortiously breached its contract. *See, e.g., Fowler v. State Farm Fire & Cas. Co.*, No. 1:08-CV-489, 2008 WL 3050417, at *3 (S.D. Miss. July 25, 2008) (noting that "extra-contractual damages, such as attorneys' fees and certain other expenses, are available when an insurance company has tortiously breached its contract, and are an alternative to punitive damages when bad faith has not been shown"). Here, the jury found that Mr. Parker failed to prove his counterclaim for bad faith denial of insurance benefits. Docket No. 625. But the jury found that Mr. Parker successfully proved his other three counterclaims: (a) breach of contract, (b) breach of the implied covenant of good faith and fair dealing; and (c) intentional infliction of emotional distress. *Id.*

In light of the jury's findings, Mr. Parker has a basis for his requested award of attorneys' fees, because the jury found that Starr breached its contractual duty to defend Mr. Parker and, in so doing, breached the implied covenant of good faith, and intentionally inflicted emotional distress.[1] Specifically, the jury's finding that Mr. Parker proved his claim for intentional infliction of emotional distress necessarily means no legitimate basis was present for Starr's refusal to defend. *See Holloway v. Nat. Fire & Marine Ins. Co.*, 360 So. 3d 671, 676 (Miss. Ct. App. 2023) (affirming grant of summary judgment on claim for intentional infliction of emotional distress, where insurance company "had an arguable and legitimate basis"). Mr. Parker has not, however, provided the Court with sufficient information upon which to base an award of attorneys' fees.

There is a process the Court follows in determining the reasonableness of an award of attorneys' fees.

> The Fifth Circuit has defined a two-step process for determining reasonable attorneys' fees. First, the court must calculate a "lodestar" by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating attorneys. Second, the court may adjust the lodestar amount to account for a variety of factors, commonly referred to as the twelve *Johnson* factors.

---

[1] The Court notes, especially considering many of the arguments advanced by Starr in its opposition, Docket No. 639, that an award of punitive damages and/or a finding of bad faith denial of benefits are **not** prerequisites for *Veasley* damages. *See Essinger*, 529 F.3d at 270; *Fowler*, 2008 WL 3050417, at *3. *See also Barden Miss. Gaming LLC v. Great N. Ins. Co.*, 638 F.3d 476, 479 (5th Cir. 2011) (explaining that in *Veasley*, "the Mississippi Supreme Court suggested that attorneys' fees 'might be available as reasonably foreseeable damages where an insurer had no legitimate or arguable reason for denying benefits but did not act willfully, intentionally or maliciously.'") (quoting *Stratford Ins. Co. v. Cooley*, 985 F. Supp. 665, 673 (S.D. Miss. 1996)); *Essinger v. Liberty Mut. Fire Ins. Co.*, 534 F.3d 450, 451 (5th Cir. 2008) ("In practice, two separate categories of damages are recognized. Punitive damages are available for egregious conduct. The lesser level of damages may be appropriate where the insurer lacks an arguable basis for delaying or denying a claim, but the conduct was not sufficiently egregious to justify the imposition of punitive damages.") (citing *Veasley*, 610 So. 2d at 295).

*Brown v. ASEÀ Brown Boveria, Inc.*, No. 3:14-CV-37, 2018 WL 283844, at \*1 (S.D. Miss. Jan. 3, 2018) (citing *Shipes v. Trinity Indus.*, 987 F.2d 311, 319 (5th Cir. 1993) and *Lighthouse Rescue Mission, Inc. v. City of Hattiesburg, Miss.*, No. 2:12-CV-184, 2014 WL 4402229, at \*3 (S.D. Miss. Sept. 5, 2014)).  This "lodestar method yields a fee that is presumptively sufficient[.]" *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010) (citations omitted).

Importantly, for purposes of the first step described above, "the fee applicant bears the burden of establishing entitlement to an award *and documenting the appropriate hours expended* and hourly rates. The applicant should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995) (quotation marks and citation omitted) (cleaned up) (emphasis added). *See also Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1990) ("[T]he party seeking reimbursement of attorneys' fees . . . has the burden of establishing the number of attorney hours expended, and can meet that burden only by presenting evidence that is adequate for the court to determine what hours should be included in the reimbursement."); *Kellstrom*, 50 F.3d at 324 (quoting same). This is necessary to facilitate the Court's performance of its review obligation. *Coleman v. Hous. Indep. Sch. Dist.*, 202 F.3d 264 (5th Cir. 1999) ("[T]he district court is obligated to scrutinize the billing records carefully and to exclude excessive, duplicative, or otherwise unnecessary entries.") (citation omitted). A word of caution: "the Supreme Court has explained, 'trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection.'" *Thomas v. Reeves*, No. 3:18-CV-441, 2021 WL 517038, at \*4 (S.D. Miss. Feb. 11, 2021) (citations omitted). But "[w]here the record is 'virtually devoid of any information helpful to a determination of whether or how his hours were spent

4

beneficially on this litigation,' the court must deny the request for fees." *Brown*, 2018 WL 283844, at *1 (quoting *Kellstrom*, 50 F.3d at 324).

Mr. Parker has not provided the Court with *any* records to support the claimed hours expended. Instead, he has merely provided a total number of hours, broken down as follows: Partners 2590.45 hours; Associates/Contract Attorney 881.40 hours; and Paralegals 1177.40 hours. Docket No. 635 at 10. Mr. Parker's memorandum, providing these totals, asserts that the "hours expended through May 2, 2025, are set forth in the Affidavit of M. Heidelberg," *id.*, however, Mr. Heidelberg's affidavit merely repeats these totals and provides no further information. Docket No. 634-2 at 4. This is insufficient to support any award; it is certainly insufficient to justify the size of the requested fee award: $2,411,715. Docket No. 635 at 6. Of particular concern to the Court is the division of hours by these attorneys between the present action and the case against Mr. Parker in the Circuit Court of Newton County, Mississippi. The same counsel represented Mr. Parker in both actions, but delineating hours expended on each case is impossible, given the current submissions.

Mr. Parker's requested expenses are similarly unsupported. *Id.* at 5 (stating without explanation "Expenses: $139,909.15"). At this juncture, the Court is also unable to provide even this award, routinely given to prevailing parties. *See Wise v. Kansas City Life Ins. Co.*, 433 F. Supp. 2d 743, 753 (N.D. Miss. 2006) (noting that costs are "routinely awarded to all prevailing parties in federal litigation").

Mr. Parker's motion is granted in part and denied in part. The Court finds that some award of attorneys' fees and expenses is appropriate here but cannot provide the requested relief on the current record. The request for $2,411,715 in fees and $139,909.15 in expenses is denied without prejudice.

Should Mr. Parker renew his motion for attorneys' fees, Mr. Parker's counsel shall produce supporting documentation that would allow the Court to conduct the required review. *See Brown*, 2018 WL 283844. If Mr. Parker wishes to file such a motion, he must do so by April 30, 2026.

Should Mr. Parker's counsel wish to redact some portion(s) of that documentation, counsel shall provide the Court with two copies of the pages they propose to redact: a clean copy, and a copy with the proposed redactions. In this submission, counsel shall justify the proposed redactions. Should counsel choose to justify categories of proposed redactions, rather than each redaction individually, counsel shall ***specifically identify*** which of the proposed redactions are in each category. The Court may construe failure to do so as a waiver. After review, the Court will determine which redactions are appropriate, then order the filing of this documentation on the docket. Starr may then review and lodge any objection to the time entries it may have in a responsive filing. Starr shall justify any objections it may have. Should Starr choose to justify categories of objections, rather than objecting to time entries individually, counsel shall ***specifically identify*** which time entries are subject to each category of objection. The Court may construe failure to do so as a waiver.

The process discussed above obviates the need for the discovery requested in Starr's motion. Docket No. 641. Starr's motion for limited discovery is denied.

### 2.   Sanctions

Mr. Parker filed a motion for sanctions, Docket No. 642, in which he requests the Court sanction Starr for conduct it is alleged to have committed against Mr. Lou Fey, Jr., who testified as an expert for Mr. Parker during the trial of this matter. These claims appear to properly belong to Mr. Fey, not Mr. Parker, and they are the subject of another action pending

in this district. *Fey v. Starr Indemnity & Liability Co.*, No. 3:25-CV-379 (S.D. Miss.). The substance of this motion will be addressed in that action. Mr. Parker's motion is denied.

Starr moved to strike Mr. Parker's reply in support of his motion for sanctions or, in the alternative, for leave to file a sur-reply. In light of the foregoing, Starr's motion, Docket No. 651, is denied as moot.

### 3.      Requested Entry of Final Judgment

Lastly, Starr moved for entry of final judgment. Docket No. 636. Upon resolution of the issue of attorneys' fees and expenses embraced herein, the Court will enter final judgment. Starr's motion is denied.

### Conclusion

The Court has considered all arguments raised by the parties; those not addressed in this Order would not have changed the result. Mr. Parker's motion for attorneys' fees, Docket No. 634, is granted in part and denied in part. Starr's motion for limited discovery, Docket No. 641, is denied. Mr. Parker's motion for sanctions, Docket No. 642, is denied. Starr's motion to strike or, in the alternative, for leave to file a sur-reply, Docket No. 651, is denied as moot. Starr's motion for entry of final judgment, Docket No. 636, is denied.

**SO ORDERED**, this the 23rd day of March 2026.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE